Alicia R. Ashcraft (NV Bar No. 6980)
Jeffrey F. Barr (NV Bar No. 7269)
Ashcraft & Barr LLP
8275 South Eastern Avenue, Suite 200
Las Vegas, NV 89123
(702) 631-4755
barrj@ashcraftbarr.com

Thomas R. McCarthy* (VA Bar No. 47145)
Conor D. Woodfin* (VA Bar No. 98937)
Thomas S. Vaseliou* (TX Bar No. 24115891)
1600 Wilson Boulevard, Suite 700
Arlington, VA 22209
(703) 243-9423
tom@consovoymccarthy.com
conor@consovoymccarthy.com
tvaseliou@consovoymccarthy.com

Sigal Chattah (NV Bar No. 8264)
5875 S. Rainbow Blvd #204
Las Vegas, NV 89118
(702) 360-6200
sigal@thegoodlawyerlv.com

David A. Warrington* (VA Bar No. 72293)
Gary M. Lawkowski* (VA Bar No. 82329)
2121 Eisenhower Avenue, Suite 608
Alexandria, VA 22314
703-574-1206
DWarrington@dhillonlaw.com
GLawkowski@dhillonlaw.com

Michael A. Columbo* (CA Bar No. 271283)
177 Post Street, Suite 700
San Francisco, California 94108
MColumbo@dhillonlaw.com

*Pro hac vice application forthcoming

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| REPUBLICAN NATIONAL COMMITTEE; NEVADA REPUBLICAN PARTY; DONALD J. TRUMP FOR PRESIDENT 2024, INC.; and DONALD J. SZYMANSKI, <br><br> Plaintiffs, <br><br> v. <br><br> CARI-ANN BURGESS, *in her official capacity as the Washoe County Registrar of Voters*; JAN GALASSINI, *in her official capacity as the Washoe County Clerk*; LORENA PORTILLO, *in her official capacity as the Clark County Registrar of Voters*; LYNN MARIE GOYA, *in her official capacity as the Clark County Clerk*; FRANCISCO AGUILAR, *in his official capacity as Nevada Secretary of State*, <br><br> Defendants. | No. _____ <br><br> **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

Plaintiffs the Republican National Committee, the Nevada Republican Party, Donald J. Trump for President 2024, Inc., and Donald J. Szymanski bring this action to challenge Section 293.269921 of the Nevada Revised Statutes. Plaintiffs allege as follows:

**INTRODUCTION**

1. Under the U.S. Constitution, states have broad discretion to decide how to conduct federal elections. But their election laws must comply with the higher law of the U.S. Constitution and with federal laws enacted under it.

2. Exercising its constitutional power under the Elections Clause and the Electors Clause, Congress has established a uniform, national day to elect members of Congress and to appoint presidential electors. 2 U.S.C. §§1, 7; 3 U.S.C. §1. Congress enacted these laws "to provide a uniform time of electing Representatives," Senators, and presidential electors. Cong. Globe, 42d Cong., 2d Sess. 112 (1871).

1

Complaint for Declaratory and Injunctive Relief

3. Nevada contravenes those federal laws by counting mail ballots that are received up to four business days after Election Day, Nev. Rev. Stat. §293.269921(1)(b), and by presuming that ballots received up to three days after Election Day "have been postmarked on or before the day of the election," *id.* §293.269921(2). Nevada effectively extends Nevada's federal election past the Election Day established by Congress.

4. The result of Nevada's violation of federal law is that timely, valid ballots are diluted by untimely, invalid ballots, which violates the rights of candidates, campaigns, and voters under federal law.

5. For these reasons, Section 293.269921 is unlawful and must be enjoined.

6. In 2020, this Court dismissed a case for lack of standing that challenged an earlier law governing mail ballot deadlines. *See Donald J. Trump for President, Inc. v. Cegavske*, 488 F. Supp. 3d 993 (D. Nev. 2020) (challenging Act of August 3, 2020, A.B. No. 4, 2020 Nev. Stat. 18, §20). That earlier law applied only to "elections impacted by emergencies or disasters." *Id.* In 2021, the Nevada Legislature codified post-election receipt of mail ballots for all elections, irrespective of emergencies or disasters. *See* Act of June 2, 2021, A.B. No. 321, 2021 Nev. Laws Ch. 248, §56. The organizational injuries alleged in that case were the need to divert resources to educate voters and combat voter fraud. This case is different. Among other bases for standing, the challenged law injures Plaintiffs here by causing competitive electoral harms and by requiring Plaintiffs to divert resources to conduct election activities beyond election day.

## **JURISDICTION AND VENUE**

7. The Court has subject-matter jurisdiction because this case arises under the Constitution and laws of the United States. 28 U.S.C. §§1331, 1343.

2

Complaint for Declaratory and Injunctive Relief

8. Venue is proper because at least one Defendant resides in this district and all Defendants are residents of Nevada, and because a substantial part of the events giving rise to the claims occurred in this district. *Id.* §1391(b).

## PARTIES

9. Plaintiff, the Republican National Committee (RNC), is the national committee of the Republican Party, as defined by 52 U.S.C. §30101(14), with its principal place of business at 310 First Street S.E., Washington, DC 20003.

10. The RNC organizes and operates the Republican National Convention, which nominates a candidate for President and Vice President of the United States.

11. The RNC represents over 30 million registered Republicans in all 50 states, the District of Columbia, and the U.S. territories. It is comprised of 168 voting members representing state Republican Party organizations, including three members who are registered voters in Nevada.

12. The RNC works to elect Republican candidates to state and federal office. In November 2024, its candidates will appear on the ballot in Nevada for election to the Presidency, U.S. Senate, and U.S. House of Representatives.

13. The RNC has vital interests in protecting the ability of Republican voters to cast, and Republican candidates to receive, effective votes in Nevada elections and elsewhere. The RNC brings this suit to vindicate its own rights in this regard, and in a representational capacity to vindicate the rights of its members, affiliated voters, and candidates.

14. The RNC also has an interest in opposing Nevada's constitutionally problematic mail ballot deadlines. Nevada's mail ballot deadline forces the RNC to divert resources from in-person voting activities and election-integrity measures, and instead

3
Complaint for Declaratory and Injunctive Relief

spend money on mail ballot chase programs and post-election activities. The mail ballot deadline also specifically and disproportionately harms Republican candidates.

15. Plaintiff Nevada Republican Party (NVGOP) is a political party in Nevada with its principal place of business at 2810 West Charleston Blvd. #69, Las Vegas, NV 89102. The Nevada Republican Central Committee (NRCC) is the NVGOP's governing body. The NVGOP and NRCC exercise their federal and state constitutional rights of speech, assembly, petition, and association to "provide the statutory leadership of the Nevada Republican Party as directed in the Nevada Revised statutes," to "recruit, develop, and elect representative government at the national, state, and local levels," and to "promote sound, honest, and representative government at the national, state and local levels." NRCC Bylaws, art. II, §§1.A-1.C.

16. The NVGOP represents over 550,000 registered Republican voters in Nevada.

17. The NVGOP has the same interests in this case as the RNC and seeks to vindicate those interests in the same ways.

18. Plaintiff Donald J. Trump for President 2024, Inc. (Trump Campaign) is the principal committee for President Donald J. Trump's campaign with its headquarters in West Palm Beach, FL.

19. The Trump Campaign has the same interests in this case as the RNC with respect to the candidacy of President Trump and seeks to vindicate those interests in the same ways.

20. Donald J. Szymanski is a registered Nevada voter and resident of Clark County. He regularly votes in Nevada's primary and general elections, and he plans to vote in the November 2024 general election, including for U.S. President, Senate, and

4

Complaint for Declaratory and Injunctive Relief

House of Representatives. Mr. Szymanski is registered as a Republican, supports Republican candidates, and has volunteered on behalf of the Republican Party.

21. Defendant Cari-Ann Burgess is the Registrar of Voters for Washoe County. She is the county's chief election officer and is responsible for "establish[ing] procedures for the processing and counting of mail ballots" in Washoe County. Nev. Rev. Stat. §293.269925(1); *see id.* §§293.269911-.269937, 244.164. Defendant Burgess is sued in her official capacity.

22. Defendant Jan Galassini is the Washoe County Clerk. She is responsible for certifying the election results in Washoe County. Nev. Rev. Stat. §293.393. Defendant Galassini is sued in her official capacity.

23. Defendant Lorena Portillo is the Registrar of Voters for Clark County. She is the county's chief election officer and is responsible for "establish[ing] procedures for the processing and counting of mail ballots" in Clark County. Nev. Rev. Stat. §293.269925(1); *see id.* §§293.269911-.269937, 244.164. Defendant Portillo is sued in her official capacity.

24. Defendant Lynn Marie Goya is the Clark County Clerk. She is responsible for certifying the election results in Clark County. Nev. Rev. Stat. §293.393. Defendant Goya is sued in her official capacity.

25. Defendant Francisco Aguilar is the Secretary of State of Nevada. He serves "as the Chief Officer of Elections" for Nevada and "is responsible for the execution and enforcement of the provisions of title 24 of NRS and all other provisions of state and federal law relating to elections in" Nevada. Nev. Rev. Stat. §293.124. He is sued in his official capacity.

Complaint for Declaratory and Injunctive Relief

# ALLEGATIONS

## I. There is only one federal Election Day.

26. The U.S. Constitution's Elections Clause vests state legislatures with power to set the time, place, and manner of congressional elections. U.S. Const. art. I, §4, cl. 1.

27. But the Elections Clause also reserves to "Congress" the power to "at any time by Law make or alter such Regulations, except as to the Places of chusing Senators." *Id.*

28. A law governs "'the election' of a Senator or Representative" when it "plainly refer[s] to the combined actions of voters and officials meant to make a final selection of an officeholder." *Foster v. Love*, 522 U.S. 67, 71 (1997).

29. Exercising its constitutional power to pass laws governing elections for federal offices, Congress has established one specific day as the uniform, national Election Day for members of the United States House of Representatives and of the United States Senate. For both offices, the "Tuesday next after the 1st Monday in November" is "the day for the election." 2 U.S.C. §7 (elections for members of the House of Representatives held on that day "in every even numbered year"); *see also id.* §1 (Senators to be elected "[a]t the regular election held in any State next preceding the expiration of the term for which any Senator was elected to represent such State in Congress, at which a Representative to Congress is regularly by law to be chosen").

30. The U.S. Constitution also vests in "Congress" the power to "determine the Time of chusing the Electors" for the offices of President and Vice President. U.S. Const. art. II, §1, cl. 4.

6

Complaint for Declaratory and Injunctive Relief

31.     Exercising that power, Congress has established that "[t]he electors of President and Vice President shall be appointed, in each State, on election day, in accordance with the laws of the State enacted prior to election day." 3 U.S.C. §1.

32.     Together, 2 U.S.C. §§1, 7, and 3 U.S.C. §1 establish the Tuesday after the first Monday in November as the uniform, national Election Day for members of Congress and as the uniform, national day for appointing electors for President and Vice President.

33.     Those "uniform rules for federal elections" are "binding on the States" and superior to conflicting state law. *Foster*, 522 U.S. at 69. "'[T]he regulations made by Congress are paramount to those made by the State legislature; and if they conflict therewith, the latter, so far as the conflict extends, ceases to be operative.'" *Id.* (quoting *Ex parte Siebold*, 100 U.S. 371, 384 (1879)). In other words, if a state law governing elections for federal offices "conflicts with federal law," that state law is "void." *Id.* at 74.

**II.   Nevada's mail ballot deadline extends the election beyond the federal election day.**

34.     Under Nevada law, "[I]n order for a mail ballot to be counted for any election, the ballot must be … [m]ailed to the county clerk," "postmarked on or before the day of the election," and "[r]eceived by the clerk not later than 5 p.m. on the fourth day following the election." Nev. Rev. Stat. §293.269921(1).

35.     Nevada law further provides that "[i]f a mail ballot is received by mail not later than 5 p.m. on the third day following the election and the date of the postmark cannot be determined, the mail ballot shall be deemed to have been postmarked on or before the day of the election." *Id.* §293.269921(2).

7

Complaint for Declaratory and Injunctive Relief

36. Each county clerk must "appoint a mail ballot central counting board for the election," which processes mail ballots "under the direction of the clerk." *Id.* §293.269929.

37. "The mail ballot central counting board may begin counting the received mail ballots 15 days before the day of the election." *Id.* §293.269931.

38. Each mail ballot central counting board "shall process the mail ballots in the following manner." *Id.* §293.269933.

   a. First, "[t]he name of the voter, as shown on the return envelope, must be checked as if the voter were voting in person." *Id.*

   b. Next, an election board officer marks "in the roster 'Received' by the name of the voter." *Id.*

   c. "If the board determines the voter is entitled to cast a mail ballot and all other processing steps have been completed, the return envelope must be opened and the mail ballot counted." *Id.*

   d. Then "[a]n election board officer shall indicate 'Voted' by the name of the voter." *Id.*

   e. Last, empty mail-ballot envelopes and any envelopes containing rejected mail ballots must be returned to the clerk. *Id.*

39. "The board must complete the count of all mail ballots on or before the seventh day following the election." *Id.* §293.269931.

40. Nevada's law, regulations, and guidance require election officials to count ballots received after election day.

8
Complaint for Declaratory and Injunctive Relief

### III. Nevada's mail ballot deadline violates federal law.

41. The next federal election will be held on Tuesday, November 5, 2024. In that election, Nevada will elect its next slate of presidential and vice-presidential electors, as well as a new Congressional delegation.

42. Under Nevada's current law, mail ballots for the November 5 election postmarked by election day will be counted if received on or before 5 p.m. on November 9, 2024.

43. Under Nevada's current law, mail ballots whose postmark date cannot be determined will be counted if received on or before 5 p.m. on November 8, 2024.

44. Upon information and belief, election officials in Nevada have counted and will continue to count mail ballots that lack a postmark and are received on or before 5 p.m. on November 8, 2024. For example, the United States Postal Service does not postmark bulk rate mail, which means that a significant number of mail ballots will lack a postmark. Nevada election officials will count such ballots even if they are *sent* after Election Day.

45. "When the federal statutes speak of 'the election' of a Senator or Representative, they plainly refer to the combined actions of voters and officials meant to make a final selection of an officeholder…." *Foster*, 522 U.S. at 71. "By establishing a particular day as 'the day' on which these actions must take place, the statutes simply regulate the time of the election, a matter on which the Constitution explicitly gives Congress the final say." *Id.* at 71-72.

46. By holding voting open beyond the federal Election Day, Nevada violates federal law and harms plaintiffs.

9

Complaint for Declaratory and Injunctive Relief

47. The RNC, NVGOP, and Trump Campaign intend to conduct their campaigns in accordance with federal law.

48. The RNC, NVGOP, and Trump Campaign rely on provisions of federal and state law in conducting their campaigns, which include resources allocated to the post-election counting and certification processes. For example, Nevada law guarantees Plaintiffs the right to be represented on county mail ballot central counting boards. *See* Nev. Rev. Stat. §293.269929(2) ("The voters appointed as election board officers for the mail ballot central counting board must not all be of the same political party."). Nevada law also guarantees the right to observe the handling and counting of mail ballots. *See* Nev. Rev. Stat. §293.269931(1); Nev. Admin. Code §§293.322(3), (4); 356(1). Counting ballots received after Election Day thus requires Plaintiffs and their members to divert more time and money to post-election mail ballot activities. *See* Nev. Rev. Stat. §293.269931 (counting may continue up to "the seventh day following an election").

49. Nevada's law also requires the RNC, NVGOP, and Trump Campaign to maintain mail-ballot-specific get-out-the-vote operations to encourage mail ballot voters to return their mail ballots through Election Day. Funding and staffing these operations diverts resources from in-person Election Day get-out-the-vote activities.

50. In addition, late-arriving ballots are not valid, so counting them dilutes the weight of timely, valid ballots.

51. Dilution of honest votes, to any degree, by the casting of fraudulent or illegitimate votes violates the right to vote.

52. The Fourteenth Amendment of the U.S. Constitution protects the "the right of all qualified citizens to vote, in state as well as in federal elections." *Reynolds v. Sims*, 77 U.S. 533, 554 (1964). "Obviously included within the right to [vote], secured by

the Constitution, is the right of qualified voters within a state to cast their ballots and have them counted." *United States v. Classic*, 313 U.S. 299, 315 (1941). "[T]he right to have the vote counted" means counted "at full value without dilution or discount." *Reynolds*, 377 U.S. at 555 n.29 (quoting *South v. Peters*, 339 U.S. 276, 279 (1950) (Douglas, J., dissenting)).

53. Thus, both direct denials and practices that count invalid ballots dilute the effectiveness of individual votes and violate the Fourteenth Amendment. *See id.* at 555 ("[T]he right of suffrage can be denied by a debasement or dilution of the weight of a citizen's vote just as effectively as by wholly prohibiting the free exercise of the franchise.").

54. "Every voter in a federal … election, whether he votes for a candidate with little chance of winning or for one with little chance of losing, has a right under the Constitution to have his vote fairly counted, without its being distorted by fraudulently cast votes." *Anderson v. United States*, 417 U.S. 211, 227 (1974); *see also Baker v. Carr*, 369 U.S. 186, 208 (1962).

55. Fraudulent votes "debase[]" and "dilute" the weight of each validly cast vote. *Anderson*, 417 U.S. at 227. When it comes to "'dilut[ing] the influence of honest votes in an election,'" whether the dilution is "'in greater or less degree is immaterial'"—it is a violation of the Fourteenth Amendment. *Id.* at 226.

56. Because voting by mail is starkly polarized by party, that dilution directly and specifically harms Plaintiffs. For example, according to the MIT Election Lab, 46% of Democratic voters in the 2022 General Election mailed in their ballots, compared to only 27% of Republicans. Charles Stewart III, *How We Voted in 2022*, at 10,

11

Complaint for Declaratory and Injunctive Relief

https://perma.cc/444Z-58ZY. That means the late-arriving mail ballots that are counted disproportionately break for Democrats.

57. Voting by mail is even more polarized by party in Nevada specifically. For example, in Nevada's 2020 general election, 60.3% of Democratic voters voted by mail, compared to just 36.9% of Republican voters. *See* Nev. Sec'y of State, *2020 General Election Turnout*, https://perma.cc/Z6F3-SM4N. Likewise in its 2022 general election, 61.3% of Democrats and just 40% of Republicans voted by mail. *See* Nev. Sec'y of State, *2022 General Election Turnout*, https://perma.cc/N7G7-RUQ9.

58. Mail ballots from Democratic voters also tend to arrive late, in part because "Democratic get-out-the-vote drives—which habitually occur shortly before election day——may delay maximum Democratic voting across-the-board, and produce a 'blue shift' in late mail ballots." Ed Kilgore, *Why Do the Last Votes Counted Skew Democratic?*, Intelligencer (Aug. 10, 2020), https://perma.cc/R78D-3Q58. Indeed, "even if Republicans and Democrats voted in person and by mail at identical levels, Democrats tend to vote later, which in turn (particularly in elections with heavy voting by mail) means early Republican leads in close races could be fragile." *Id.*

59. According to data reported by the Nevada Secretary of State's office, in the Nevada 2024 primary elections, Democrats disproportionately voted by mail compared to Republicans. Office of Nev. Sec'y of State, *2024 Presidential Preference Primary Turnout: Cumulative Presidential Preference Primary Election Turnout – Final* (Feb. 20, 2024), perma.cc/7USY-5NMY. Democrats also had significantly more mail ballots rejected for not being returned correctly. Office of Nev. Sec'y of State, *2024 Presidential Preference Primary Turnout: Mail Ballot Information – Cumulative Totals* (Feb. 20, 2024), perma.cc/7NTN-JV6L.

60. Counting mail ballots received after Election Day doesn't just dilute the valid ballots—it specifically and disproportionately harms Republican candidates and voters.

61. These harms are irreparable.

## COUNT I
### Equitable Relief Under *Ex parte Young*
### Violation of 3 U.S.C. §1, 2 U.S.C. §§1, 7

62. Plaintiffs incorporate all their prior allegations.

63. The Supremacy Clause of the U.S. Constitution states that the "Laws of the United States … shall be the supreme Law of the Land." U.S. Const. Art. VI.

64. Federal law provides that "[t]he electors of President and Vice President shall be appointed, in each State, on the Tuesday next after the first Monday in November, in every fourth year succeeding every election of a President and Vice President." 3 U.S.C. §1.

65. For congressional offices, the "Tuesday next after the 1st Monday in November" is "the day for the election." 2 U.S.C. §7 (elections for members of the House of Representatives held on that day "in every even numbered year"); *see also id.* §1 (Senators to be elected "[a]t the regular election held in any State next preceding the expiration of the term for which any Senator was elected to represent such State in Congress, at which a Representative to Congress is regularly by law to be chosen").

66. Congress established one specific day as the uniform, national Election Day for federal office. Federal law prohibits holding voting open after Election Day.

67. A qualified ballot for federal office is not a legal vote unless it is received by the proper election officials by Election Day.

13
Complaint for Declaratory and Injunctive Relief

68. Section 293.269921 of the Nevada Revised Statutes permits mail ballots that have been postmarked by Election Day to be counted if they are received up to four days after Election Day.

69. Section 293.269921 thus holds voting open after Election Day and allows ballots to be cast after Election Day but still counted as lawfully cast votes. Federal law preempts Section 293.269921 as a result.

70. This Court has the inherent power to review and enjoin violations of federal law by state officials. *Ex parte Young*, 209 U.S. 123 (1908). Congress has not evidenced an intent to limit equitable relief for violating 3 U.S.C. §1 or 2 U.S.C. §§1, 7.

71. Plaintiffs have no adequate remedy at law and will suffer serious and irreparable harm to their constitutional and federal rights unless Defendants are enjoined from implementing and enforcing Section 293.269921.

## COUNT II
**Violation of the Right to Stand for Office (42 U.S.C. §1983)**

72. Plaintiffs incorporate all their prior allegations.

73. Section 293.269921 requires counties to hold open voting and count ballots that have been cast after Election Day. Under federal law, those votes are not valid. 3 U.S.C. §1, 2 U.S.C. §7, 2 U.S.C. §1.

74. Defendants, acting under color of Nevada law, have deprived and are depriving Plaintiffs of rights protected under the First and Fourteenth Amendment to the U.S. Constitution in violation of 42 U.S.C. §1983 by, among other things, forcing Plaintiffs to spend money, devote time, and otherwise injuriously rely on unlawful provisions of state law in organizing, funding, and running their campaigns.

75. Defendants, acting under color of Nevada law, have deprived and are depriving Plaintiffs of rights protected under the First Amendment and 14th Amendment to the U.S. Constitution in violation of 42 U.S.C. §1983.

76. Plaintiffs have no adequate remedy at law and will suffer serious and irreparable harm to their constitutional rights unless Defendants are enjoined from implementing and enforcing Section 293.269921.

## COUNT III
### Violation of the Right to Vote (42 U.S.C. §1983)

77. Plaintiffs incorporate all their prior allegations.

78. Section 293.269921 requires counties to hold open voting and count ballots that have been cast after Election Day. Under federal law, those votes are not valid. 3 U.S.C. §1, 2 U.S.C. §7, 2 U.S.C. §1.

79. Dilution of honest votes, to any degree, by the casting of fraudulent or illegitimate votes violates the right to vote. *Reynolds*, 377 U.S. at 555; *Anderson*, 417 U.S. at 226-27; *Baker*, 369 U.S. at 208.

80. Nevada's voting system permits illegitimate votes and therefore violates the Fourteenth Amendment to the U.S. Constitution.

81. Defendants have acted and will continue to act under color of state law to violate the Fourteenth Amendment.

82. Plaintiffs have no adequate remedy at law and will suffer serious and irreparable harm to their constitutional and federal rights unless Defendants are enjoined from implementing and enforcing Section 293.269921.

## PRAYER FOR RELIEF

Plaintiffs ask this Court to enter judgment in their favor and provide the following

15

Complaint for Declaratory and Injunctive Relief

relief:

    A.    A declaratory judgment that the relevant parts of Nev. Rev. Stat. §293.269921 violate the Fourteenth Amendment, 2 U.S.C. §§1, 7, and 3 U.S.C. §1;

    B.    Preliminary and permanent injunctions prohibiting Defendants from implementing and enforcing the relevant parts of Nev. Rev. Stat. §293.269921, including prohibiting Defendants from counting mail ballots for federal office for the November 2024 general election that are received by election officials after the day of the election; or, alternatively, prohibiting Defendants from counting ballots for federal office for the November 2024 general election that are not postmarked by the day of the election;

    C.    Plaintiffs' reasonable costs and expenses of this action, including attorneys' fees; and

    D.    All other further relief that Plaintiffs may be entitled to.

Complaint for Declaratory and Injunctive Relief

Dated: May 3, 2024

Respectfully submitted,

Thomas R. McCarthy*
  VA Bar No. 47145
Conor D. Woodfin*
  VA Bar No. 98937
Thomas S. Vaseliou*
  TX Bar No. 24115891
CONSOVOY MCCARTHY PLLC
1600 Wilson Boulevard, Suite 700
Arlington, VA 22209
(703) 243-9423
tom@consovoymccarthy.com
conor@consovoymccarthy.com
tvaseliou@consovoymccarthy.com

*/s/ Alicia R. Ashcraft*
Alicia R. Ashcraft (NV Bar No. 6980)
ASHCRAFT & BARR LLP
8275 South Eastern Ave., Suite 200
Las Vegas, NV 89123
(702) 631-4755
barrj@ashcraftbarr.com

*Counsel for the RNC, Donald J. Trump for President 2024, Inc., and Donald J. Szymanski*

*/s/ Sigal Chattah*

*Counsel for Plaintiffs*

Sigal Chattah (NV Bar No. 8264)
CHATTAH LAW GROUP
5875 S. Rainbow Blvd #204
Las Vegas, NV 89118
(702) 360-6200
sigal@thegoodlawyerlv.com

David A. Warrington*
  VA Bar No. 72293
Gary M. Lawkowski*
  VA Bar No. 82329
DHILLON LAW GROUP, INC.
2121 Eisenhower Avenue, Suite 608
Alexandria, VA 22314
703-574-1206
DWarrington@dhillonlaw.com
GLawkowski@dhillonlaw.com

*Counsel for the Nevada Republican Party*

Michael A. Columbo*
  CA Bar No. 271283
DHILLON LAW GROUP, INC.
177 Post Street, Suite 700
San Francisco, California 94108
MColumbo@dhillonlaw.com

*Counsel for Donald J. Trump for President 2024, Inc.*

*pro hac vice application forthcoming

17

Complaint for Declaratory and Injunctive Relief