**NOT FOR PUBLICATION**

FILED

AUG 21 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

REPUBLICAN NATIONAL COMMITTEE; NEVADA REPUBLICAN PARTY; NEVER SURRENDER, INC.; DONALD SZYMANSKI,

Plaintiffs - Appellants,

v.

CARI-ANN BURGESS, in her official capacity as the Washoe County Registrar of Voters; JAN GALASSINI, in her official capacity as the Washoe County Clerk; LORENA PORTILLO, in her official capacity as the Clark County Registrar of Voters; LYNN MARIE GOYA, in her official capacity as the Clark County Clerk; FRANCISCO V. AGUILAR, in his official capacity as Nevada Secretary of State; AMERICAN CIVIL LIBERTIES UNION OF NEVADA,

Defendants - Appellees,

VET VOICE FOUNDATION; NEVADA ALLIANCE FOR RETIRED AMERICANS; DEMOCRATIC NATIONAL COMMITTEE,

No. 24-5071

D.C. No.
3:24-cv-00198-MMD-CLB

MEMORANDUM*

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Intervenor-Defendants - Appellees.

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, District Judge, Presiding

Submission Deferred September 25, 2025
Submitted August 19, 2026**
Phoenix, Arizona

Before: GRABER, BADE, and LEE, Circuit Judges.

Plaintiffs the Republican National Committee, the Nevada Republican Party, Nevada voter Donald Szymanski, and Never Surrender, Inc., filed this action to challenge the legality of a Nevada statute that permits the counting of certain mail-in ballots received up to four business days after the federal election day. See Nev. Rev. Stat. § 293.269921. The district court dismissed the case for lack of Article III standing, and Plaintiffs timely appealed.

"To have standing to appeal, a party must be 'aggrieved by the district court['s] order.'" Bryant v. Tech. Rsch. Co., 654 F.2d 1337, 1343 (9th Cir. 1981) (emphasis added) (quoting United States v. Wash. Dep't of Fisheries, 573 F.2d 1117, 1118 (9th Cir. 1978)). Disagreement with the reason for the order is not sufficient to confer standing if a change in the reason would not alter the result.

** The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

See Weissman v. Quail Lodge, Inc., 179 F.3d 1194, 1200 (9th Cir. 1999) ("[I]t is an abecedarian rule that federal appellate courts review decisions, judgments, orders, and decrees—not opinions, factual findings, reasoning, or explanations[.]" (quoting In re Williams, 156 F.3d 86, 90 (1st Cir. 1998))).

Plaintiffs have advised us that if we reverse the district court's dismissal, they will voluntarily dismiss the case on remand. Put differently, Plaintiffs ask us to vacate the order dismissing this case without prejudice so that they can move for this case to be dismissed without prejudice. Compare Missouri ex rel. Koster v. Harris, 847 F.3d 646, 656 (9th Cir. 2017) (explaining that dismissals for lack of standing are generally without prejudice), with Fed. R. Civ. P. 41(a)(1) (providing that voluntary dismissals before service of an answer or a motion for summary judgment are generally "without prejudice"). Thus, by their own admission, Plaintiffs have not suffered any "actual or threatened injury," In re First Cap. Holdings Corp. Fin. Prods. Sec. Litig., 33 F.3d 29, 30 (9th Cir. 1994) (citation omitted), as a result of the district court's dismissal order and, therefore, they do not have standing to maintain this appeal.

**APPEAL DISMISSED.**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

## Information Regarding Judgment and Post-Judgment Proceedings

### Judgment

- This Court has filed and entered the attached judgment in your case. Fed. R. App. P. 36. Please note the filed date on the attached decision because all of the dates described below run from that date, not from the date you receive this notice.

### Mandate (Fed. R. App. P. 41; 9th Cir. R. 41-1 & -2)

- The mandate will issue 7 days after the expiration of the time for filing a petition for rehearing or 7 days from the denial of a petition for rehearing, unless the Court directs otherwise. To file a motion to stay the mandate, file it electronically via the appellate electronic filing system or, if you are a pro se litigant or an attorney with an exemption from the electronic filing requirement, file one original motion on paper.

### Petition for Panel Rehearing and Petition for Rehearing En Banc (Fed. R. App. P. 40; 9th Cir. R. 40-1 to 40-4)

**(1) Purpose**

**A. Panel Rehearing:**

- A party should seek panel rehearing only if one or more of the following grounds exist:
  - ➢ A material point of fact or law was overlooked in the decision;
  - ➢ A change in the law occurred after the case was submitted which appears to have been overlooked by the panel; or
  - ➢ An apparent conflict with another decision of the Court was not addressed in the opinion.
- Do not file a petition for panel rehearing merely to reargue the case.

**B. Rehearing En Banc**

- A party should seek en banc rehearing only if one or more of the following grounds exist:
  - ➢ Consideration by the full Court is necessary to secure or maintain uniformity of the Court's decisions; or
  - ➢ The proceeding involves a question of exceptional importance; or

- The opinion directly conflicts with an existing opinion by another court of appeals or the Supreme Court and substantially affects a rule of national application in which there is an overriding need for national uniformity.

**(2) Deadlines for Filing:**

- A petition for rehearing or rehearing en banc must be filed within 14 days after entry of judgment. Fed. R. App. P. 40(d).
- If the United States or an agency or officer thereof is a party in a civil case, the time for filing a petition for rehearing is 45 days after entry of judgment. Fed. R. App. P. 40(d). The deadlines for seeking reconsideration of a non-dispositive order are set forth in 9th Cir. R. 27-10(a)(2).
- If the mandate has issued, the petition for rehearing should be accompanied by a motion to recall the mandate.
- See Advisory Note to 9th Cir. R. 40-1 (petitions must be received on the due date).
- An order to publish a previously unpublished memorandum disposition extends the time to file a petition for rehearing to 14 days after the date of the order of publication or, in all civil cases in which the United States or an agency or officer thereof is a party, 45 days after the date of the order of publication. 9th Cir. R. 40-4.

**(3) Statement of Counsel**

- A petition should contain an introduction stating that, in counsel's judgment, one or more of the situations described in the "purpose" section above exist. The points to be raised must be stated clearly.

**(4) Form & Number of Copies (9th Cir. R. 40-1; Fed. R. App. P. 32(c)(2))**

- The petition shall not exceed 15 pages unless it complies with the alternative length limitations of 4,200 words or 390 lines of text.
- The petition must be accompanied by a copy of the panel's decision being challenged.
- An answer, when ordered by the Court, shall comply with the same length limitations as the petition.
- If a pro se litigant elects to file a form brief pursuant to Circuit Rule 28-1, a petition for panel rehearing or for rehearing en banc need not comply with Fed. R. App. P. 32.

- The petition or answer must be accompanied by a Certificate of Compliance found at Form 11, available on our website at www.ca9.uscourts.gov under *Forms*.
- Attorneys must file the petition electronically via the appellate electronic filing system. No paper copies are required unless the Court orders otherwise. If you are a pro se litigant or an attorney exempted from using the appellate ECF system, file one original petition on paper. No additional paper copies are required unless the Court orders otherwise.

**Bill of Costs (Fed. R. App. P. 39, 9th Cir. R. 39-1)**

- The Bill of Costs must be filed within 14 days after entry of judgment.
- See Form 10 for additional information, available on our website at www.ca9.uscourts.gov under *Forms*.

**Attorneys Fees**

- Ninth Circuit Rule 39-1 describes the content and due dates for attorneys fees applications.
- All relevant forms are available on our website at www.ca9.uscourts.gov under *Forms* or by telephoning (415) 355-8000.

**Petition for a Writ of Certiorari**

- The petition must be filed with the Supreme Court, not this Court. Please refer to the Rules of the United States Supreme Court at www.supremecourt.gov.

**Counsel Listing in Published Opinions**

- Please check counsel listing on the attached decision.
- If there are any errors in a published opinion, please send a letter **in writing within 10 days** to:
    - ➢ Thomson Reuters; 610 Opperman Drive; PO Box 64526; Eagan, MN 55123 (Attn: Maria Evangelista, maria.b.evangelista@tr.com);
    - ➢ **and** electronically file a copy of the letter via the appellate electronic filing system by using the Correspondence filing category, or if you are an attorney exempted from electronic filing, mail the Court one copy of the letter.

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 10. Bill of Costs

*Instructions for this form: http://www.ca9.uscourts.gov/forms/form10instructions.pdf*

**9th Cir. Case Number(s)**

**Case Name**

Name of party/parties requesting costs to be taxed:

I swear under penalty of perjury that the copies for which costs are requested were actually and necessarily produced, and that the requested costs were actually expended.

**Signature** **Date**

*(use "*s/[typed name]*" to sign electronically-filed documents)*

| **COST TAXABLE** | **REQUESTED** *(each column must be completed)* | | | |
|---|---|---|---|---|
| DOCUMENTS / FEE PAID | No. of Copies | Pages per Copy | Cost per Page | TOTAL COST |
| Excerpts of Record* | | | $ | $ |
| Principal Brief(s) *(Opening Brief; Answering Brief; 1st, 2nd, and/or 3rd Brief on Cross-Appeal; Intervenor Brief)* | | | $ | $ |
| Reply Brief / Cross-Appeal Reply Brief | | | $ | $ |
| Supplemental Brief(s) | | | $ | $ |
| Petition for Review Docket Fee / Petition for Writ of Mandamus Docket Fee / Appeal from Bankruptcy Appellate Panel Docket Fee/Appeal from District Court filing portion of fee ($5) | | | | $ |
| | | | **TOTAL:** | $ |

***Example:** Calculate 4 copies of 3 volumes of excerpts of record that total 500 pages [Vol. 1 (10 pgs.) + Vol. 2 (250 pgs.) + Vol. 3 (240 pgs.)] as:*
*No. of Copies: 4; Pages per Copy: 500; Cost per Page: $.10 (or actual cost IF less than $.10);*
*TOTAL: 4 x 500 x $.10 = $200.*